THEOPHILUS P. CHANDLER & others *vs.* CITY OF BOSTON & another.

The provisions of the second amendment of the Constitution of Massachusetts, which provides that no municipal or city government shall be erected or constituted in any town not containing twelve thousand inhabitants, has no application to the annexation, by the authority of the Legislature, of a town to a city already existing.

BILL IN EQUITY by Theophilus P. Chandler and nine other persons, alleging that they were each and all citizens, property owners, residents, and tax payers of the town of Brookline, in the county of Norfolk, and as such were entitled to all the rights, privileges, and immunities appertaining to a town government; that the General Court, by an act passed May 16, 1873, St. 1873, *c.* 290, annexed the town of Brookline to the city of Boston on certain conditions in the act specified; that the town of Brookline, at the time of the passage of the act, did not contain twelve thousand inhabitants, as is required by the second amendment of the Constitution of the Commonwealth;* that on the contrary, the number of its inhabitants did not exceed seven thousand; that the act was passed without first obtaining the consent and without the application of a majority of the inhabitants of the town, as is required by the amendment; and that the city and the town designed and intended to execute and carry out the directions of the act as therein provided; that if the act was carried into execution, it would deprive the plaintiffs of valuable rights which they enjoyed as citizens, property owners, tax payers, and residents of the town, and would unjustly and wrongfully subject them to heavy pecuniary and other losses.

The bill charged that the act was in direct violation of the amendment, and should be declared null and void: and prayed

---

* ARTICLE II. The General Court shall have full power and authority to erect and constitute municipal or city governments, in any corporate town or towns in this Commonwealth, and to grant to the inhabitants thereof such powers, privileges, and immunities, not repugnant to the Constitution, as the General Court shall deem necessary or expedient for the regulation and government thereof, and to prescribe the manner of calling and holding public meetings of the inhabitants, in wards or otherwise, for the election of officers under the Constitution, and the manner of returning the votes given at such meetings. Provided, that no such government shall be erected or constituted in any town not containing twelve thousand inhabitants, nor unless it be with the consent and on the application of a majority of the inhabitants of such town, present and voting thereon, pursuant to a vote at a meeting duly warned and holden for that purpose. And provided also, that all by-laws made by such municipal or city government shall be subject at all times to be annulled by the General Court.

for a writ of injunction prohibiting the city and town from proceeding under the act ; and that the act might be declared null and void ; and for general relief.

The city of Boston demurred to the bill, because the plaintiffs had not stated a case which entitled them to any relief.

The case was heard on demurrer and reserved by *Ames*, J., for the consideration of the full court.

*A. D. Chandler*, for the plaintiffs. The popular form of government, as found in towns, was the only form of municipal government recognized or permitted under the Constitution of Massachusetts prior to the adoption of the second amendment, in 1821. This right to a popular form of town government was guarded most jealously. Snow's Hist. of Boston, *c.* 61. p. 363. Quincy's Hist. of Boston, *cc.* 1, 2. Dillon's Munic. Corp. pp. 18–26 and notes, and 34–43 and notes. Cooley's Const. Lim. 189, 190 and notes. The strength of the Commonwealth of Massachusetts, as compared with that of her sister states, lies now, as it always has, in her towns. 1 Elliott's Hist. New England, 182. De Tocqueville, Dem. in Amer. c. 5. Rise of the Republic, Frothingham. Proceed. Amer. Antiq. Soc., No. 55, 1870, pp. 18–38. Proceed. Mass. Hist. Soc., January 1866, Professor Parker's Paper. N: E. Hist. & Geneal. Reg., January and April 1870. Dillon's Munic. Corp. *supra*. The Constitution, prior to 1821, guaranteed to every citizen of this state a popular form of municipal government. The amendment of 1821, by its express limitations, still preserves this right to the citizens of any town, until the town has twelve thousand inhabitants, and guarantees it even then, unless a majority of the inhabitants of the town, voting at a meeting duly warned and holden for that purpose, give their consent and make the necessary application to the General Court for a representative form of government. These corporate rights, immunities, and privileges appertaining to each town in the state cannot be taken away except in accordance with the Constitution, and in a constitutional manner. The annexation of Brookline to Boston by this act establishes a city government, that is, a representative government, in an entire town where a town government now

exists. Thus the citizens of Brookline will have a representative government before they have twelve thousand people within their limits, and before the majority have given their consent and made the requisite application to the Legislature. There will be, then, either a direct violation or an evasion of the Constitution. The popular form of government in Brookline will have been changed for a representative government, in utter disregard of express constitutional limitations. In construing this clause of the Constitution, whether the letter of the text is strictly adhered to, or whether every aid is employed which contemporary history can furnish to explain what it intends, the conclusion is, that this amendment, with its limitations, is the only protector and conservator of that popular form of government, which is the distinguishing characteristic of the municipalities of this state, and that it is so framed as to protect this right from violation in every possible case which may arise under it. The language employed is broad and comprehensive in the extreme. *Martin* v. *Hunter*, 1 Wheat. 304, 326 ; *S. C.* Story on Const. U. S. § 422. Historical citations, *supra.* Dwarris on Sts. (Potter's ed.) 657, 658.

*J. P. Healy*, for the city of Boston.

COLT, J. The plaintiffs, residents and tax payers in the town of Brookline, and claiming the privileges and immunities which they are entitled to under a town government, allege by bill in equity that the act providing for the annexation of that town to the city of Boston, on certain conditions, is a violation of the provisions of the second article of the amendments of the Constitution of this Commonwealth, by which power is given to the General Court on certain conditions to charter cities. An injunction is asked to prevent proceedings by the city or town under the act, with a prayer that it may be declared void, and for general relief. To this there is a general demurrer for want of equity.

The question whether this court has jurisdiction to grant the relief asked in favor of private citizens against the contemplated alleged illegal action of these municipalities, was not argued and is not considered by us.

By the amendment of the Constitution relied on, power is given to the General Court to erect city governments in any " corporate town or towns of this Commonwealth," and to confer such powers as may be necessary for the government thereof, with the proviso that " no such government shall be erected in any town not containing twelve thousand inhabitants, nor unless it be with the consent and on the application of a majority of the inhabitants of such town present and voting thereon."

The bill alleges that the town of Brookline did not contain twelve thousand inhabitants, and that the act in question was passed by the Legislature without first obtaining the consent and without the application of a majority of the inhabitants of the town.

The court are of opinion that the demurrer is well taken. The control of the General Court over the territorial division of the state into cities, towns, and districts, unless controlled by some specific constitutional limitation, must necessarily be supreme. It is incident to that sovereign power which regulates the performance of public and political duties. The rights and franchises of such corporations are granted only to this end, and they may be modified and changed in their territorial limits as public convenience and necessity require. The inhabitants do not derive private or personal rights under the act of incorporation; they acquire no vested right in those forms of municipal government which exist under general laws in towns, as distinguished from those by which the affairs of cities are regulated. If injuriously affected by legislative action upon these political relations, within constitutional limits, the courts can afford no remedy.

This power of the General Court it was not the intention of the amendment in question to limit or affect. It has no application to the annexation, by the authority of the Legislature, of a town or part of a town to a city already existing. It has express reference to the erection of a city government in the place of a town government within the same town limits. We are referred by the defendants to many acts of the Legislature annexing towns and parts of towns to cities, showing that this has been the uniform construction of the article in question.

*Demurrer sustained.*

## MEMORANDA.

On the twenty-eighth day of June, 1873, Chief Justice CHAPMAN died at Fluelen in Switzerland, having held the office of Chief Justice since the seventh day of February, 1868.

On the fifth day of September, 1873, Mr. Justice GRAY was appointed Chief Justice, in place of Chief Justice CHAPMAN, deceased, and took his seat upon the bench as such on the ninth day of September, at the term of the court then held at Pittsfield in the County of Berkshire.