Feb. 20, }
  1905. }

## OPINION OF THE JUSTICES.

The legislature has constitutional authority to divide towns into voting districts or precincts.

*To the House of Representatives:*

The undersigned, the justices of the supreme court, in obedience to your request and the requirement of the constitution, respectfully submit their opinions upon the question of law contained in the resolution adopted by you which has been presented to us: "Has the legislature constitutional authority to divide towns into voting districts or precincts?"

.While such action is not expressly authorized by the terms of the constitution, we think authority therefor is fairly within the general legislative power conferred upon the general court by the constitution and we are unable to find any particular provisions which would be infringed thereby. We therefore answer in the affirmative the abstract question presented.

The express provision contained in article 5, part II, of the constitution, which gives the general court full power and authority to "provide by fixed laws for the naming and settling all civil officers within this state," excepting such as are specially provided for in the Form of Government, is sufficient authority for the suggested legislative action, for the election of all officers as to whom no provision is made by the constitution. The power of the legislature to divide towns into voting districts or precincts for the election of such officers is to be found in this provision and in the absence of any vested right in towns to the continued possession of the governmental powers entrusted to them. *Berlin* v. *Gorham,* 34 N. H. 266; *Wooster* v. *Plymouth,* 62 N. H. 193, 224; *Chandler* v. *Boston,* 112 Mass. 200, 204; 1 Dill. Mun. Corp. (2d ed.) 139.

The election of some officers in precinct-meeting and of others in town-meeting might not appear to the legislature a reasonable regulation; and to fully answer the question submitted, it is necessary to consider whether the exercise of the right of suffrage in district or precinct-meetings, instead of in town-meetings, would transgress any provision of the constitution for the election of the officers whose election is specially provided for in that instrument.

In the constitutional convention held in 1889, it was proposed to amend the constitution by expressly conferring upon the legislature power to divide towns into voting precincts. The conven-

tion of 1902 submitted such a proposition to the people for ratification. Whether the convention in 1889, or the people of the state in 1903, rejected the proposition upon the ground that such action was authorized by existing provisions, or because they did not approve the proposition, may be impossible of. proof and immaterial upon the present question; but the language of each proposition indicates that the difficulty was supposed to exist in constitutional provisions relating to the exercise of the right of suffrage.    Jour. Const. Conv. 1889, *p*. 61; *Ib.*, 1902, *pp.* 33, 267, 718, 762.

" In New Hampshire, this right, so far as concerns the time, place, and manner in which it is to be exercised, has always been regarded and is now to be regarded as wholly within legislative control, except so far as the power of the legislature over the subject has been limited and taken away by the constitution of this state or of the United States."    *Opinion of the Justices*, 45 N. H. 599.    The officers as to whose election by the people special provision is made in the constitution are representatives to the general court, senators, governor, councilors, county treasurers, registers of probate, solicitors, sheriffs, and registers of deeds.    The constitution expressly confers upon the legislature the power to alter the mode of electing the county officers named therein, provided the people are not deprived of the right of electing them. Const., *art.* 70.    The only provision as to the election of representatives is that the election shall be by ballot biennially in the month of November.    *Ib.*, *arts.* 11, 13.    Other provisions assuring the right to vote require votes for state officers to be cast by the voter within the district, town, parish, or plantation " where he dwelleth and hath his home."    Const., *arts.* 12, 29, 30, 31; *Opinion of the Justices*, 44 N. H. 633, 635.    None of these provisions, it is obvious, would necessarily be violated by authorizing voting in precinct-meetings instead of in town-meetings.

The remaining provisions material to the question are to be found in article 31, as follows: " The meetings for the choice of governor, council, and senators shall be warned by warrant from the selectmen, and governed by a moderator, who shall, in the presence of the selectmen (whose duty it shall be to attend), in open meeting, receive the votes of all the inhabitants of such towns and parishes present and qualified to vote for senators; and shall, in said meetings, sort and count the said votes, and make a public declaration thereof, with the name of every person voted for and the number of votes for each person."    Further provision is made for a record by the town clerk and a return of the vote to the secretary of state.    There seems to us to be no difficulty in creating corporate organizations called " precincts " or

" districts," or by some other name, and providing them in a constitutional manner with selectmen to warn and attend the meeting, and a moderator to preside in the meeting, sort, count, and declare the votes, and a clerk to record and return the same. The purpose of the provisions appears to be to secure publicity, rather than to require the presence or services of officials possessing powers and duties distinct from the supervision of the exercise of the suffrage right.

This is the view of the constitutional provisions upon the subject under which since 1846 the various cities of the state have been incorporated. *Charter of Manchester*, 47 N. H. 277, 279. Any argument founded upon the provisions of this section, against the exercise of the power to create precincts or districts in towns for voting purposes, would be of equal force against the power of the legislature to divide cities into wards for the same purpose. The authority in question involves merely a question of procedure and not one of substantive right. We have not been able to find any provision upon which we feel justified in advising you that this general understanding is erroneous, and that the eleven city charters of the state are invalid, or that all the elections held under them since 1846 were held without legal warrant.

The resolution submitted to us contains no suggestion of any ground upon which it was claimed the legislature had not the power in question. It may be, therefore, that we have not considered the particular point upon which our advice is desired. As the result of the investigation which in the limited time at our disposal we have been able to make, we have reached the conclusion that the question submitted should be, as before stated, answered in the affirmative, and therefore so advise.

FRANK N. PARSONS.
WM. M. CHASE.
REUBEN E. WALKER.
GEORGE H. BINGHAM.
JOHN E. YOUNG.

February 20, 1905.